# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGIO LOPEZ-LOPEZ,<br><br>Defendant. | Case No. 1:25-cr-00036-JLT-SKO-1<br><br>ORDER DENYING DEFENDANT'S MOTION FOR TEMPORARY DETENTION PURSUANT TO 18 U.S.C. § 3142(d)<br><br>(ECF No. 16) |
|---|---|

On March 27, 2025, a detention hearing was held pursuant to 18 U.S.C. § 3142(f). (ECF No. 12.) The Court ordered Defendant detained pursuant to 18 U.S.C. § 3142(e) and (i), finding the Government had proven, by a preponderance of the evidence, that individualized factors demonstrated that no condition or combination of conditions would reasonably assure that Defendant would voluntarily appear. (ECF Nos. 12, 13.) In making this determination, the Court found the Government established, among other things, Defendant has no steady employment, no substantial financial resources, Defendant used other identities to be employed and stay in the United States, and that the Defendant is an illegal alien and is subject to deportation. (ECF No. 13.)

After the Court ordered the Defendant detained at the March 27, 2025 detention hearing, Defendant requested by oral motion that the Court order him temporarily detained pursuant to 18 U.S.C. § 3142(d). (ECF No. 12.) The Court denied the oral motion but offered Defendant the opportunity to file a written motion—presumably after meeting and conferring with the

1

Government—to allow for thorough briefing of the issue by both parties.

On April 1, 2025, Defendant filed the instant motion for temporary detention pursuant to 18 U.S.C. § 3142(d). (ECF No. 16.) Defendant argues that in light of the Court's finding that Defendant is not a United States citizen and that he posed a risk of non-appearance, the Court was required to temporarily detain Defendant for a period of up to ten days and direct the Government to notify immigration officials of Defendant's arrest and detainment. (Id. at 4.)

On April 4, 2025, the Government filed an opposition. (ECF No. 18.) The Government argues Defendant has no standing make a motion for detention under 18 U.S.C. § 3142(d) and, even if he did, immigration authorities are already aware of Defendant's presence and the proceedings against him. (Id. at 2.) The Government points to a document it had already produced to Defendant that reflected U.S. Immigration and Customs Enforcement's ("ICE") knowledge of Defendant's presence and these proceedings. (Id. at 2-3.)

The Court held a hearing on April 9, 2025. (ECF No. 19.) Calvin Lee appeared on behalf of the Government and Reed Grantham appeared on behalf of Defendant, who was present and assisted by an interpreter. Defendant intimated at the hearing that the issue may be moot based upon the Government's proffer that immigration authorities are aware of Defendant. In one sense, Defendant's motion may be moot given ICE has been notified. But in another real sense, the motion is not moot. Defendant has not withdrawn the motion and maintains that despite his detention under 18 U.S.C. § 3142(e), this Court can and should order Defendant temporarily detained. For the following reasons, the Court shall deny Defendant's motion.

Under 18 U.S.C. § 3142(d), if a judicial officer determines that the defendant is not a citizen of the United States or lawfully admitted for permanent residence, and he may flee or pose a danger to any other person or the community, then the judicial officer "shall order the detention of such person for a period of not more than ten days." 18 U.S.C. § 3142(d). During this period of temporary detention, immigration authorities may elect to take the defendant into immigration custody to pursue immigration proceedings. Id. However, if ICE "fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of

law governing release pending trial or deportation or exclusion proceedings." United States v. Rangel, 318 F. Supp. 3d 1212, 1218 (E.D. Wash. 2018) (quoting 18 U.S.C. § 3142(d)); see also United States v. Figueroa-Alvarez, 681 F. Supp. 3d 1131, 1136 n.3 (D. Idaho 2023) (noting section 3142(d) permits temporary detention of no more than ten days to permit authorities to determine whether to take the defendant into custody on other charges, violations, or immigration detainers).

First, it does not appear a defendant may seek his own temporary detention under Section 3142(d). Defendant offers no authority supporting his position that he can move for temporary detention—nonetheless *after* the Court orders Defendant detained pending trial—and the Court independently finds none.  Rather, temporary detention is sought by the Government.  Courts grappling with Section 3142(d) are typically confronted with scenarios where a defendant's criminal charge is illegal reentry into the United States and the Government seeks detention because if the defendant was released he would be removed, or where the Executive Branch initiates parallel removal proceedings and claims the outcome of those proceedings makes the defendant a voluntary flight risk under the Bail Reform Act. See, e.g., United States v. Santos-Flores, 794 F.3d 1088, 1090 (9th Cir. 2015); United States v. Stepanyan, No. 3:15-cr-00234-CRB, 2015 WL 4498572, at *1 (N.D. Cal. July 23, 2015); United States v. Camacho-Porchas, No. CR-20-02616-001-TUC-JAS-LAB, 2021 WL 2138799, at *6 (D. Ariz. May 26, 2021) (clarifying a court's role is not "to resolve Executive Branch turf battles" where the Executive Branch, through the U.S. Attorney's Office, wants to prosecute a defendant, and the same Executive Branch, through the Department of Homeland Security, wants to deport him.).

Defendant primarily relies on Section 3142(d)'s silence as to which party may move for temporary detention and concludes Congress must have intended that any party, including a defendant, could move for temporary detention. The Court agrees Section 3142(d) does not expressly state a motion for temporary detention is one strictly reserved for the Government to make. However, the statute implies such. Section 3142(d) provides that "[i]f the judicial officer determines that *such person*…is not a citizen of the United States or lawfully admitted for permanent residence…and *such person* may flee or pose a danger to any other person or the

1 community," the Court "shall order the detention of *such person*, for a period of not more than
2 ten days…and direct the attorney for the Government to notify…the appropriate official of the
3 Immigration and Naturalization Service. If the official fails or declines to take *such person* into
4 custody during that period, *such person* shall be treated in accordance with the other provisions
5 of this section…If temporary detention is sought under paragraph (1)(B) of this subsection
6 [because the individual is not a citizen or permanent resident], <u>*such person* has the burden</u> of
7 proving to the court such person's United States citizenship or lawful admission for permanent
8 residence…." 18 U.S.C. § 3142(d) (emphasis added). It is illogical to conclude that Congress
9 intended for a defendant to seek his own temporary detention under subsection 18 U.S.C. §
10 3142(d) because he is *not* a United States citizen or permanent resident, then expressly place the
11 burden on the same defendant to prove he *is* a United States citizen or permanent resident. If the
12 burden shifts to the person whose immigration status is challenged, it is reasonable to conclude
13 that such person does not have the ability to seek temporary detention in the first place.

14 Even assuming Section 3142(d) could be used as a vehicle by a defendant to request his
15 own temporary detention because he is a danger or flight risk, Defendant's motion is untimely.
16 Immediately *after* the Court made its findings at the March 27, 2025 detention hearing that the
17 Government had sufficiently proven Defendant was a flight risk and no condition or combination
18 of conditions would reasonably assure that Defendant would voluntarily appear, Defendant
19 moved for temporary detention and notification to immigration officials. To the extent a
20 defendant even has the ability to bring such a motion, the Court finds a certain level of absurdity
21 in ordering a defendant detained pending trial, then, in a subsequent motion by the same
22 defendant, determining whether the defendant should be temporarily detained for up to ten days.

23 It is also difficult for the Court to imagine a scenario where a defendant would argue he
24 "may flee or pose a danger to any other person or the community" and therefore should be
25 temporarily detained, and immigration officials be notified for the purpose of deportation or
26 exclusion. 18 U.S.C. § 3142(d)(2); <u>see</u> <u>Rangel</u>, 318 F. Supp. 3d at 1218 (quoting 18 U.S.C. §
27 3142(d)) ("Congress titled the section 'Temporary Detention to Permit Revocation of
28 Conditional Release, Deportation, or Exclusion.' If ICE elects to take custody of a defendant

1  during the ten-day temporary detention period authorized under the statute, it must be for the
2  purpose of 'deportation or exclusion.' ICE may not take custody of a criminal defendant for the
3  purpose of detaining the defendant pending trial."). Defendant's sparse motion fails to proffer
4  any pragmatic reason for doing so. Rather, Defendant creatively, albeit speciously, avoids such
5  a scenario by arguing the Court has already determined that Defendant's immigration status is a
6  factor that could influence the risk of flight under 18 U.S.C. § 3142(g)(3) and thus the two
7  requirements for his Section 3142(d) motion are met. 18 U.S.C. § 3142(d) (a judicial officer
8  must determine (1) the defendant is not a citizen of the United States or lawfully admitted for
9  permanent residence, *and* (2) he may flee or pose a danger to any other person or the community.)
10 However, Defendant cannot incorporate this Court's finding regarding flight risk for detention
11 pursuant to Section 3142(e) in the instant motion for temporary detention pursuant to Section
12 3142(d). The Court has already ordered that Defendant be detained pending trial. In the instant
13 motion, the Court must find the Defendant "may flee or pose a danger to any other person in the
14 community." 18 U.S.C. § 3142(d); Santos-Flores, 794 F.3d at 1091 (noting "[a] determination
15 that the alien may flee or pose a danger—voluntary acts—is *required* to impose even this
16 temporary detention.") (Emphasis added). Because Defendant is currently detained pending trial
17 pursuant to the Court's March 27, 2025 order (ECF Nos. 12, 13), the Court does not find
18 Defendant is a flight risk because he is in custody as a result of the detention order. Accordingly,
19 even if Defendant had the ability to seek his own temporary detention—which the Court finds he
20 does not—Defendant's motion is untimely and fails to establish the requirements for such
21 detention under Section 3142(d).

Accordingly, for these reasons and those stated at the April 9, 2025 hearing, Defendant's motion for his own temporary detention pursuant to 18 U.S.C. § 3142(d) is DENIED.

IT IS SO ORDERED.

Dated:  **May 13, 2025**

STANLEY A. BOONE
United States Magistrate Judge